JOHN J. McMENAMY *et al.*, Respondents, *v.* JAMES COHICK *et al.*, Appellants.

#### March 21, 1876.

1. A person not in actual possession when the trespass was committed cannot maintain an action for trespass on real estate.

2. It is error to instruct a jury as to exemplary damages where there is no evidence of malice or oppression.

3. In an action by a married woman and her husband for trespass to realty, an answer filed by the trustee of the separate estate of the plaintiff, in another proceeding for possession of the same premises, is not competent evidence for plaintiff.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*M. Kinealy*, for respondent, cited : Carpenter *v.* Barber, 44 Vt. 446, 448 ; Conrad *v.* Janfee Ins. Co., 6 Pet. 268 ; Druse *v.* Wheeler, 22 Mich. 444 ; Stark. on Ev. 813 ; Stewart *v.* Ball, 33 Mo. 156 ; Boal *v.* Morgner, 46 Mo. 50 ; Ontiatt *v.* Ludlow, 32 N. J. 239 ; Clark and wife *v.* Gillet, Law Reg., Jan. 1874, p. 20 ; Steel *v.* Johnson, 4 Allen (Mass.), 425 ; Robinson *v.* Robinson, 44 Ala. 227 ; Cullen *v.* Kelsey, 39 Me. 299 ; Carpenter *v.* Barber, 44 Vt. 449 ;

34

Sigerson v. Homsly, 14 Mo. 74; Cook v. Hacksburn, 45 Mo. 317; Carter v. Alkire, 48 Mo. 302; Add. on Torts, 245; 1 Wag. Stat. 495, sec. 26; Hill. on Torts, 101, 104; Goets v. Ames, 27 Mo. 28; Wells v. Sawyer, 21 Mo. 357; Perkins v. Lowe, 43 N. H. 220; 1 Smith's Ld. Cas. 256; Alred v. Bray, 41 Mo. 484; McManus v. Lee, 43 Mo. 206.

Cline, Jamison & Day, for appellants, cited: Rogers v. White, 1 Sneed, 68; 4 Allen (Mass.), 425; 6 N. Y. 342; 32 N. J. 239; Taunton v. Costar, 7 Durnf. & E. 255; Turner v. Meymott, 1 Bing. 158; Harney v. Brydges et al., 14 M. & W. 437; 2 Greenl. on Ev., sec. 625; Sampson v. Henry, 13 Pick. (Mass.) 36; Hyatt v. Wood, 4 Johns. 150; Reed v. Price, 30 Mo. 442, 446; Hampton v. Fowler, 54 N. H. 197; 1 Dev. & B. (N. C.) 324; Eaton's Admr. v. Perry, 29 Mo. 96.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case states that the plaintiff Louisa is a married woman living with her husband; that on November 27, 1872, she was in actual occupation of a farm described in the petition, as cestui que trust in a certain deed executed October 30, 1871, by which the premises were conveyed to A. J. P. Garesché, in trust, for the sole and separate use of said Louisa; that defendants, contriving to harrass and oppress her, on said November 27th wrongfully entered upon the premises described in the deed, made a disturbance, broke open the doors, injured the furniture belonging to her, "maliciously left a portion of said premises occupied by dissolute ruffians—in a filthy and untenantable condition," by means of which she and her family were put in fear of their lives, and assaulted with deadly weapons, and she was disturbed in her peaceable possession of said premises, and compelled to come to St. Louis for legal advice, and put to great cost and expense, to her damage $5,000, for which she asks judgment.

Defendants deny all these allegations, except those as to the marriage of plaintiffs and their cohabition, and say that,

at the date of the alleged trespass, defendant Cohick owned, and was entitled to the possession of, the premises, and had been placed in peaceable possession of a portion of them, and was, at the date of the alleged trespass, forcibly evicted from them by plaintiff Louisa and others.

Plaintiffs reply, denying the statements of the answer. The instructions given and refused are set out below, as far as is necessary for the purposes of this opinion. There was a verdict and judgment for plaintiffs for $1,450. A *remittitur* was entered, reducing the judgment to $500. A motion for a new trial was overruled, and, all exceptions being saved, the cause is brought to this court by appeal.

The testimony is voluminous. It appears that, on May 16, 1870, the plaintiffs gave a deed of trust upon the premises upon which the trespass is said to have been committed, to secure a note of plaintiff John McMenamy for $14,000. Next year they conveyed the same premises, subject to this deed of trust, to Garesché, as trustee, for the separate use of plaintiff Louisa. On November 6, 1872, the deed of trust was foreclosed, and defendant Cohick purchased the premises for $20,000, at the sale of foreclosure, and received a deed from the trustee for the same. Cohick then purchased about $600 worth of stock and house furniture from John McMenamy, and, with John McMenamy's consent, Cohick put his servant, defendant Walter, into the house to take possession of it, McMenamy reserving two rooms for himself and family until he should move, into which his furniture was moved, and giving up the keys of the house. Cohick was also put into possession of a cabin adjoining the house, and of the farm, and began changing fencing and making repairs about the premises without any opposition at the time from the plaintiff Louisa. Mrs. McMenamy went to town for legal advice, and, on her return, her husband not being in the house, with the help of her brother and others, she turned Walter out of the house, and threw his bed and some other furniture of Cohick's out

after him. She then locked up the house; and her husband,. together with Walter and some other persons, apparently. farm hands occupying the cabin near the house, in the. employ of Cohick, made a good deal of disturbance outside the house during the night, most of them being drunk ;. plaintiff John appears to have been especially drunk and disorderly, and to have endeavored to force his way into the house, and to have used insulting language to his wife. Defendant Cohick was not well; he came there when he heard his servant had been ejected, but made no disturb- ance, and directed his men to keep order and do nothing to annoy Mrs. McMenamy.

There is some evidence that a gun was fired during the night, but this is contradicted. It is clear that the men outside, or some of them, got drunk and were noisy and quarrelsome among themselves. It does not appear that any rough or insulting language was addressed to Mrs. McMenamy, except, according to Mrs. McMenamy, by one man, and, according to another witness, by her husband, who was shown by plaintiffs, against the objection of defendants, to be a man of drunken habits. The witnesses for plaintiffs and defendants do not agree. Plaintiff Louisa swears that there was very great noise and tumult outside during the night, and much violent and profane language used, so as to keep the inmates of the house awake, and that guns and pistols were discharged. As to the discharge of fire-arms she is not corroborated, and there is testimony that the men outside had no guns or weapons of any sort. Defendant Cohick came there with a gun on his shoulder, but the testimony is that it was not loaded, and he went away before the drinking and disturbance began. This is,. perhaps, as fair a statement of the whole testimony as can be made in so condensed a shape, and the occurrences are certainly painted in much darker colors by Mrs. McMenamy herself; but, substantially, the circumstances seem to have been as just detailed. There was quite a scuffle over the.

ejectment of defendant Walter, who was forced out of the house by one or two young men, and he had a knife in his hand, which he says was a pocket pruning-knife, which was lying open by his side when he was ordered out of the house. He does not seem to have used any violence, either of gesture or language, but refused to go out until ejected by force, saying that he was there by the order of his employer, the defendant Cohick, and must stay till directed by him to leave. Mrs. McMenamy also swears that on her return from town, on the day Cohick was put in possession of the house by her husband, she found her husband stupidly drunk, and two or three men, apparently farm hands of Cohick's, lounging about the house, one of them drunk, and the furniture strewed about and in confusion. There is no evidence that the premises were injured by defendants, or either of them ; nor is any actual damage shown, except that Mrs. McMenamy was permitted to prove, against the objection of defendants, that she incurred expense and loss of time in traveling from Bridgeton to St. Louis to consult an attorney.

At the close of plaintiffs' case, defendants asked an instruction that plaintiffs were not entitled to recover, which was refused.

The only instruction given was the following, at the instance of plaintiff:

"If the jury find for the plaintiff, they should assess her damages at the value of the property injured and destroyed by the defendants, and the actual expense she was put to in order to get rid of the intruders ; and in addition thereto, if they further find that the trespass was committed in a wanton, rude, and aggravating manner, indicating malice or a desire to injure the plaintiff, they may allow such further sum for exemplary damages or smart-money as, under all the facts and circumstances of the case, they may deem right, not exceeding the amount claimed in the petition."

The court refused an instruction asked by the defendants, to the effect that, if the defendant Cohick acquired the title to the property in question before the alleged acts of trespass, then the plaintiffs could not recover against him ; and another instruction was asked, that the plaintiff could not recover against Walter if Cohick held the right to the property, and Walter was simply acting at the request and as the servant of Cohick in the commission of the alleged acts of trespass.

The following instructions, asked by the defendants, were also refused :

1. " The jury are instructed that, if you believe from the evidence in this case that the plaintiff Louisa McMenamy was a married woman living with her husband, the plaintiff John J. McMenamy, on the premises described in the petition, and that the said John J. McMenamy gave to the defendant James Cohick permission to take possession of such portion of the premises described in the petition as the acts complained of in the petition were committed on, and that the defendants entered on said premises and committed said acts alleged by reason of the permission aforesaid, then the plaintiffs are not entitled to recover."

2. " The jury are instructed that, if you find for the plaintiffs in this case, then you are instructed that the plaintiffs are entitled to recover only such damages as you may believe from the evidence that the plaintiffs have actually received to the property and buildings described in the petition ; and if you believe from the evidence that, at the time of the commission of the acts alleged in the petition, the defendant James Cohick was owner and entitled to the possession of the property described in the petition, then you are to take that fact into consideration in assessing the amount of damage."

To the giving of these instructions defendants excepted.

So far as this was an action to recover damages for an ille-

gal entry upon, or an immediate injury to, real property cor-
poreal, in the possession of the plaintiffs, or of the plaintiff
Louisa, there was nothing whatever to support the verdict.

Even the person having the legal title cannot maintain an
action for trespass to realty unless he was in actual posses-
sion when the trespass was committed. In the case at bar,
there is no pretense that either of the plaintiffs had the
legal title, and even the beneficial title of plaintiff Louisa
seems to have been divested, and one of the defendants was
the owner of the realty on which the trespass is alleged to
have been committed, under a deed from herself and her
husband, at the time of the alleged wrong. As to posses-
sion, it appears that had been delivered to defendant Cohick
by plaintiff John McMenamy; and there could be no tres-
pass in entering peaceably into a dwelling-house occupied
by husband and wife, at the invitation of the husband, in
the absence of the wife, as in the case at bar.

So far as this was an action for damage to personal prop-
erty, there was no evidence of any damage done to any
personal property of either of the plaintiffs. There was no
evidence of any personal property owned by plaintiff Louisa,
and no actual damage whatever was proved. There is no
evidence of the value of the time of plaintiff Louisa con-
sumed in going to the city, nor what her expenses were,
nor does it appear that this loss of time was a matter for
which defendants were responsible.

This was not a case for vindictive or exemplary damages.

Defendant Cohick was absent on every occasion of dis-
turbance, both when plaintiff Louisa forcibly thrust his ser-
vant and co-defendant out of the house, and when the
plaintiff John got drunk and used violent language to
plaintiff Louisa and tried to force his way into the house.
Both Cohick and Walter seem to have been studious to
avoid any injury or insult to person or property. The
noise during the night was mainly occasioned by plaintiff
John McMenamy, who was a party to sending for the liquor

on which he and the laborers on the place got drunk together, and it was he that used insulting language to his wife, the co-plaintiff.

The court erred in giving the instruction asked for plaintiff as to the measure of damages, for there was no evidence to warrant it. The evidence shows that defendant Cohick was, with his servants, in peaceable possession of the out-buildings of a farm which had formerly been owned by plaintiff John, which John had conveyed to the trustee of his co-plaintiff, Louisa, and which Cohick had purchased at the sale of the premises, on the foreclosure of a deed of trust executed by both the plaintiffs, and that Cohick was, with his servants, cultivating and making repairs and changes on the place, as owner, and with the knowledge, and apparently with the acquiescence, of both the plaintiffs ; that he then was put into peaceable possession of a portion of the dwelling on the farm, in which plaintiff John McMenamy, his wife, plaintiff Louisa, and their family were residing ; that Cohick entered, and put his servants into certain rooms in this house, at the invitation of plaintiff John McMenamy. There is no rudeness, malice, or desire to injure plaintiffs, or either of them, shown by anything said or done by either defendant; any disturbance that arose was contrary to Cohick's instructions, took place in his absence, and was occasioned by the forcible eviction of defendants from premises into the peaceful possession of which they had been put by plaintiff Louisa's husband, and was a direct consequence of the violent act of the plaintiff Mrs. McMenamy in driving Cohick's employés from the house, and keeping them locked out all night in the company of her husband and co-plaintiff, who got drunk with them, and seems to have been the ringleader in any disturbance on the outside of the house during the night. Sympathy is readily aroused for the sufferings of an honest mother of a family struggling with the manifold miseries inflicted upon her by the debaucheries of a drunken husband, but those sym-

pathies must not be allowed to find relief by a violation of rules of law.　That a husband should with drunken companions offer rudeness to his wife, and then join his wife as co-plaintiff to recover exemplary damages for the wrongs he had instigated, and to which he was a party, would seem an anomaly ; but in this case, whilst the husband seems to have been the chief wrong-doer so far as any rudeness or noise in and around his dwelling-house goes—was the sole wrong-doer as to any direct insult to his wife—it appears that defendant Cohick was not a companion of the drunken frolic, and it does not appear that defendant Walter was guilty of any rudeness in word or deed.

The court erred, also, in permitting the answer of Garesché, trustee, filed November 20, 1872, in an ejectment suit of *Cohick* v. *McMenamy*, for the possession of the premises in question, to be read.　This answer was filed three days after the alleged trespass.　The only object for its introduction must have been to create the impression that defendant Cohick did not really own the property, as that was the tenor of the averments in the answer.　But these averments were not competent evidence.

The deed of the trustee of plaintiffs to defendant Cohick, for the premises on which the alleged trespass was committed, was properly admitted, as also the deed from plaintiffs to that trustee.　They were in mitigation of damages, and the court having refused to declare that plaintiffs were not entitled to recover, it was quite competent for defendant Cohick to show that he claimed title to the property under a deed from plaintiffs and for defendant Walter to show that he was in the employ of Cohick, acting under his instructions.　Indeed, no exception is saved to the introduction of the latter deed, as the record does not state the ground of the objection made.

From what has been said, it is plain that we think the court erred in refusing the instruction asked by defendants at the close of plaintiffs' case.

If there is any evidence, it is error to take the case from the jury, but here we see no evidence of actual damage, and it is clear that there were no circumstances of malice and oppression which would warrant a verdict to punish the defendants. For the reasons given, the verdict and judgment in the cause must be reversed and the cause remanded. The other judges concur.